(Clark County, Ohio, Court of Common Pleas.)

## THE STATE OF OHIO v. EARL MOORE.

*Prize-fight—Definition of—*

[The Supreme Court in Seville v. the State, 49 Ohio State Reports, having refrained from making any but a *general* definition of the term "prize-fight" which leaves the question not entirely free from difficulty to *nisi prius* courts in application to specific cases, the following excerpt of a charge to a jury, is. by request, published.]

---

Charge to jury.

MILLER, J.

The term "prize-fight" has been defined to be a pugilistic encounter or boxing match for prize or wager, "but as the statutes of Ohio have prohibited this and other offenses of a somewhat like character in the same chapter of said statutes, it is proper in order to mark the distinction between this and said other offenses, to give to you a more specific definition; and therefore, I charge you that when by previous agreement between persons, they enter into a contest for supremacy by the administration of blows with the fist upon the bodies of each other, which contest by the agreement shall continue until one of them becomes a victor over the other, and when by such agreement there is to be given to the victor in such contest money or other thing of value, whether such money or other thing is the result of a wager between themselves, or a reward contributed by others, or the proceeds of door or gate receipts, we have all the elements of a prize-fight. It will be observed by this definition that no account is made of the question as to whether such contest is had with naked or gloved hand or fist; neither in order to constitute it a prize-fight is it essential that it should be with the naked hand or fist; but the fact, if it should so appear from the evidence in this case, that such contest was had with gloved hands, as also the kind, size, weight and other characteristics of the gloves so used, may be looked to in connection with the other evidence in the case bearing upon such question, in determining whether such contest was a prize-fight, or merely a sparring or boxing exhibition without prize or reward to the victor, in which latter case, if you so find, the defendant should be acquitted; but I charge you further in this connection, that if taking such evidence as to said contest having been had with gloved hands, and the kind, size, weight and other characteristics of said gloves so used, in connection with the other evidence in the case, you are satisfied beyond a reasonable doubt under the specific definiton I have given you as to the meaning of the phrase prize-fight, that said contest was a prize-fight, you must so find notwithstanding it may have been with gloved hands. I charge you further as to the previous agreement spoken of in said specific definition of the term or phrase prize-fight, that it is not necessary that said agreement to enter into said contest should have been made at any particular length of

time previous to the actual contest, only that it should have been made and understood between the parties at some time at least, however brief, before such contest began.

I charge you further that although such agreement to contest for a prize or wager, as I have before defined to you, must have been an agreement to contest until one of the contestants obtained a victory over the other, it is not necessary that such contest should have been maintained until such victory was actually obtained, or to use an ordinary phrase, that it should have been "fought to a finish," nor that the prize, wager or reward aforesaid should have been actually paid to either of the contestants, for if the prize-fight, if you so find under the evidence and my instructions, was once actually begun, that offense was complete, although its final consummation may have been prevented from any cause.

I charge you further in reference to the agreement of which I have spoken in the definition aforesaid, that it is not necessary that such agreement should appear to have been made in any form of words, or in writing. Consent is agreement, and it is sufficient if the defendant was consenting to the combat, either in words or by gestures. An agreement may be inferred from the conduct of the parties and other circumstances; so you may look as well to the conduct of the parties, not only before but during the continuance of the contest, and to all the other facts and circumstances proven upon the trial to determine what agreement, if any, existed between the defendant and his co-defendant with reference to such contest previous to the beginning thereof.

I am asked to charge you that if an agreement. to enter upon said contest had been made by their seconds or other parties on their behalf, said defendants would have been bound by it, and I so charge you with this essential condition that if so made, such agreement and its terms should have been known by said defendants before said contest began, for it is not to be presumed that the agreement of aiders and abettors of a prize fight will bind the principals without their knowledge of the terms of such agreement.